UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

KEITH SHATEK,

          Plaintiff,

      vs.

KING TSUI,

          Defendant.

Case No:  C 10-5896 SBA

**ORDER OF DISMISSAL**

On July 12, 2011, the Court issued an Order to Show Cause why the instant action should not be dismissed under Federal Rule of Civil Procedure 41(b) for failing to comply with the Court's scheduling order.  Dkt. 19.  Plaintiff has not responded to the Order to Show Cause and the time for doing so has long since passed.

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  Ferdik v. Bonzelet  963 F.2d 1258, 1260 (9th Cir. 1992).  Specifically, the court must consider:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).  "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal.  With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  This is particularly true in the instant case, where Plaintiff's failure to

file a case management statement and failure to set up the call for and appear at the case management conference has impeded this Court's ability to schedule this case for trial and move the litigation forward.

The second factor also militates in favor of dismissal.  See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the defendants, generally requires that "a defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642.  At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id.  Here, Plaintiff has offered no explanation for his failure to respond nor is any apparent from the record.  These facts also weigh strongly in favor of dismissal.  See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal by warning Plaintiff that the failure to respond to the Order to Show Cause would result in the dismissal of the action.  "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal.").

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of dismissal.  Id. (affirming dismissal with prejudice where three factors favored dismissal, while two factors weighed against dismissal).  Accordingly,

1    IT IS HEREBY ORDERED THAT the instant action is DISMISSED with prejudice,

2  pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk shall close the file and

3  terminate all pending matters and deadlines.

4    IT IS SO ORDERED.

5  Dated: October 7, 2011

6                                                       SAUNDRA BROWN ARMSTRONG
                                                        United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3
4  SCHATEK et al,

                Plaintiff,
5
    v.
6
7  TSUI et al,

                Defendant.
8  _____/

9
                                        Case Number: CV10-05896 SBA
10
                                        **CERTIFICATE OF SERVICE**
11

12  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.
13
    That on October 12, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said
14  copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
    said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
15  located in the Clerk's office.

16
17
   Keith  Schatek
18 # 7 N. Front Street
   Rio Vista,  CA 94571
19
   King  Tsui
20 473 Buena Vista Avenue, Suite #203
   Alameda,  CA 94501
21
   Dated: October 12, 2011
22                                        Richard W. Wieking, Clerk

23                                        By: LISA R CLARK, Deputy Clerk

24
25
26
27
28

                                        - 4 -